**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT MANN, Sr.; et al.,

        Plaintiffs-Appellees,

 and

ZACHARY MANN; WILLIAM MANN,

        Plaintiffs,

v.

CITY OF SACRAMENTO; et al.,

        Defendants,

 and

JOHN C. TENNIS; RANDY R. LOZOYA,

        Defendants-Appellants.

No.   21-15440

D.C. No.
2:17-cv-01201-WBS-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted April 19, 2022

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges, and LASNIK,[**] District Judge.

Defendants John Tennis and Randy Lozoya appeal from the district court's order denying their motion to dismiss plaintiffs Robert Mann Sr., Vern Murphy-Mann, and Deborah Mann's 42 U.S.C. § 1983 action alleging deprivation of their First Amendment right to familial association with their adult brother who was killed in a police shooting. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

We review de novo a district court's denial of qualified immunity on a Rule 12(b)(6) motion to dismiss. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). To determine whether defendants are entitled to qualified immunity, we consider "(1) whether, 'taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right'; and (2) 'whether the right was clearly established.'" *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018) (alterations omitted) (quoting *Saucier v. Katz*, 533 U.S. 194, 201

---

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

(2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009)).

Plaintiffs argue that they have sufficiently alleged a constitutional violation pursuant to *Board of Directors of Rotary International v. Rotary Club of Duarte* ("*Rotary Club*"), 481 U.S. 537 (1987), in which the Supreme Court articulated a four-factor test to determine whether the "objective characteristics" of the relationship in question were "sufficiently personal or private to warrant constitutional protection": (1) size of the group, (2) purpose of the group, (3) its selectivity, and (4) "whether others are excluded from critical aspects of the relationship," *id.* at 545–46.

Neither plaintiffs nor the district court point to any authority that has applied the *Rotary Club* factors and held that non-cohabitating siblings have a First Amendment right to familial association. *See Mann v. City of Sacramento* (*Mann IV*), 521 F. Supp. 3d 917, 919–20 (E.D. Cal. 2021). *Rotary Club* did not recognize such a right. That decision involved an international fraternal organization of almost a million members that argued a state statute requiring local chapters of the organization to admit women members violated the First Amendment right of intimate association. *See Rotary Club*, 481 U.S. at 539–40. The question presented was whether the relationship between members of the organization was

sufficiently intimate to warrant protection pursuant to the First Amendment. *Id.* at 544–45.

We acknowledge that the juxtaposition of *Mann v. City of Sacramento* (*Mann II*), 748 F. App'x 112 (9th Cir. 2018), and *Mann v. Sacramento Police Department* (*Mann III*), 803 F. App'x 142 (9th Cir. 2020), *cert. denied sub nom. City of Sacramento, California v. Mann*, 141 S. Ct. 622 (2020), caused confusion regarding the viability of plaintiffs' First Amendment claim. *Mann II* could be read as endorsing the proposition that *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991), forecloses plaintiffs' Fourteenth Amendment and First Amendment claims, *see Mann II*, 748 F. App'x at 115, but *Mann III* clarified that "*Ward* addressed only *Fourteenth Amendment* intimate-association claims brought by adult siblings," 803 F. App'x at 143 (emphasis added). *Mann III* "remand[ed] for consideration of Plaintiffs' First Amendment claim under the standard set forth in *Rotary Club* and its progeny." *Id.* at 144. On remand, the district court analyzed *Rotary Club* and its progeny and determined that plaintiffs sufficiently alleged a First Amendment violation. *Mann IV*, 521 F. Supp. 3d at 923–27. We disagree.

Neither *Rotary Club* nor its progeny extended the First Amendment to cover the circumstances alleged here.[1]

**REVERSED.**

---

[1]    The district court correctly noted plaintiffs' Fourteenth Amendment intimate association claims are not at issue because they were foreclosed by *Ward*, which limited such claims to parents and children. *Mann IV*, 521 F. Supp. 3d at 919–20.